**BANKERS' TRUST CO. et al. v. WABASH-PITTSBURGH TERMINAL RY. CO.**

**Appeal of DUNCAN.**

(Circuit Court of Appeals, Third Circuit. September 28, 1920. Rehearing Denied December 17, 1920.)

No. 2570.

Receivers ☞157—Related company held not entitled to priority on claim for supplies.

The relations between an insolvent railroad company, now under receivership, and another company, *held* to have been such that the latter was not entitled to priority of payment for supplies furnished and advances made from earnings of the receivership or from the corpus of the property as against pre-existing mortgage creditors.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the Bankers' Trust Company and others against the Wabash-Pittsburgh Terminal Railway Company. William M. Duncan, receiver of the Wheeling & Lake Erie Railroad Company, appeals from the order of distribution. Affirmed.

Arthur O. Fording, of Pittsburgh, Pa., and Squire, Sanders & Dempsey, of Cleveland, Ohio, for appellant.

John S. Wendt, of Pittsburgh, Pa. (John Quinn, of New York City, of counsel), for appellees.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON and WOOLLEY, Circuit Judges, and WIT-MER, District Judge.

PER CURIAM. This is an appeal from the order of the court distributing the several funds in hand on final accounting by the receiver of the defendant, the Wabash-Pittsburgh Terminal Railway Company; the balance appearing from the one account, $133,374.46, being the proceeds of sale by the receiver of the unencumbered real estate of the defendant, and that of the other account, $76,995.77, is represented as income accruing during the receivership. The first was awarded to the general creditors, and the last to the first mortgage bondholders. To this the Wheeling & Lake Erie Railroad Company, through its receiver, William M. Duncan, took exception and brought this appeal.

The contentions of the parties have been well stated by the special master, William H. McClung, Esq., where in his report he says in paragraph X:

"The Wheeling & Lake Erie, through William M. Duncan, receiver, claims that the indebtedness of $81,221.81 owing to it by the Wabash-Pittsburgh Terminal Railway Company, described in the last preceding finding of fact, is of a preferential character, and as such entitled to priority in payment out of the net earnings of the Wabash-Pittsburgh Terminal Railway Company accruing during the receivership; that the balance of $76,995.77 in the hands of H. F. Baker, receiver on operating account, consists of net earnings, and as such is wholly applicable to the Wheeling & Lake Erie's claim, to the exclusion of the claims of all other creditors; that, in addition to the earnings so shown to be in the hands of the receiver, the Wabash-Pittsburgh Terminal, a short time prior to the appointment of receivers, paid interest on its first mortgage bonds and expended other moneys for betterments and improvements upon its railroad out of earnings which should have been applied to the payment of its (the Wheeling & Lake Erie Railroad Company's) claim; that it is entitled to recover from the first mortgage bondholders the earnings so improperly paid to them or expended for their benefit, and in prejudice of the Wheeling & Lake Erie's claim, and that such recovery may be enforced in the present proceeding, by subrogating the Wheeling & Lake Erie Railroad Company to the rights of the first mortgage bondholders, who, through the trustee in the mortgage securing their bonds, are insisting upon participating as general creditors in the fund of $133,374.46, representing the proceeds of sale of property of the Wabash-Pittsburgh Terminal Railway Company not used for railroad purposes and not bound by the lien of the first mortgage: The first mortgage bondholders, through the Bankers' Trust Company, successor to the Mercantile Trust Company, as trustee in the first mortgage, deny that there was any diversion of earnings to the payment of interest on their bonds in regard to which the Wheeling & Lake Erie Railroad Company has the right to complain, and further maintains that the fund of $76,995.77 in the hands of H. F. Baker, receiver on operating account, is not earnings, but represents corpus of the railroad property, bound by the lien of the first mortgage to which they are entitled, to the exclusion of all other creditors."

The special master has denied the claim for priority made by the Wheeling Company upon the ground that the relation of that company to the defendant was such as to deprive it of the equity of priority in the distribution of either income or the proceeds of sale of the corpus of the debtor railroad company's property as against the rights of pre-existing mortgage creditors, on the ground that the Wheeling Company had full and complete knowledge of the financial condition of the defendant company, and having presumably furnished the supplies and

made the advances of money out of which the indebtedness arises upon the general credit and responsibility of the company, and not with the expectation of being paid out of any particular fund. There was no error in affirming this conclusion. However, we have reached the conclusion from a careful examination of the evidence in the case, on the urgent and very able and persistent presentation of the appellant's claim, that the road, as found by the master, was operated during the receivership at a net loss of a sum exceeding the reported balance, and that such balance represents money realized from the sale of receiver's certificates, afterwards paid out of the proceeds of the sale of the mortgaged property, which otherwise would have been allowed in payment on account, which furnishes a further reason favorable to the conclusion reached.

Being satisfied, furthermore, that there was no diversion, since the claim of the appellant accrued, to the benefit and advantage of the first mortgage bondholders that was not wholly by them restored, all of the facts relied upon by the appellant give way to the conclusion reached by the special master, whose report is so full and satisfactory that a review of legal authorities is not deemed necessary.

The order of the District Court, sustaining the report of the master, is affirmed.